IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CALVIN C. MURRAY III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-22-335 |
| SGT. HENNIN, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

# MEMORANDUM

On February 8, 2022, the Court received correspondence from Calvin C. Murray III, an inmate incarcerated at Jessup Correctional Institution ("JCI") in Jessup, Maryland, claiming that he was placed in a cell with a leaky toilet and sink, as well as a broken heater, and he suffered through freezing temperatures while not receiving food on a regular basis. ECF 1. He sought transfer to a different cell. *Id.* at 5.

The matter was construed and instituted as a civil rights complaint pursuant to 42 U.S.C. § 1983, and Murray was directed to pay the filing fee or file a motion for leave to proceed in forma pauperis, and to supplement his Complaint. ECF 2. Before initiating formal proceedings, the Court directed counsel for the Department of Public Safety and Correctional Services ("DPSCS") to show cause why injunctive relief should not be granted in favor of Murray. *Id.* Counsel responded on April 8, 2022. ECF 7. Although Murray filed a supplement to his Complaint,[1] he neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis.

---

[1] In the supplement, Murray states that following the initiation of this suit, Sgt. Hennich retaliated against him. ECF 3. If Murray's intent is to file suit against Sgt. Hennich, he may do so in a separate action. The Clerk shall be directed to send Murray forms for filing a 42 U.S.C. § 1983 complaint.

For the reasons that follow, Murray's request for injunctive relief shall be denied, and the Complaint shall be dismissed, without prejudice.

## Background

Murray was transferred to JCI on February 24, 2020. *See* Inmate Traffic History, ECF 7-1 at 2. On December 16, 2021, he was issued a notice of inmate rule violation ("NOIRV") for assaulting another inmate with a weapon and sanctioned with 30 days of segregation. Decl. of DPSCS Lt. Emmanuel Dabiri, ECF 7-2 at ¶ 3. Due to the nature of his infraction, Murray was placed in the Administrative wing of the special housing unit ("SHU"), in the cell at issue ("BD #403"), on January 29, 2022. *Id.* at ¶ 4; see also ECF 7-1 at 2.

While Murray was in the SHU, Lt. Dabiri became aware of a leak in the vent of BD #403. ECF 7-2 at ¶ 6. Lt. Dabiri submitted a work order for maintenance, and "it was determined that nothing major needed to be fixed and no work order was completed." *Id.* According to Lt. Dabiri, Murray and his cell mate were never housed in a flooded cell as Murray claimed. *Id.* at ¶ 7. Moreover, Lt. Dabiri is unaware of any requests for Administrative Remedy Process ("ARP") submitted by Murray that were not processed. *Id.* at ¶ 8. Likewise, Lt. William Bunn, the supervisor assigned to the 3-11 p.m. shift at JCI, does not recall having any interaction with Murray, or receiving any complaints about the conditions in Murray's cell. Decl. of Lt. Bunn, ECF 9.

Murray remained in BD #403 until February 22, 2022, and returned on March 3, 2022, until his transfer to Eastern Correctional Institution ("ECI") on March 9, 2022. ECF 7-1 at 2.

## Discussion

A preliminary "injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010);

*see also SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be."). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Here, Murray requests transfer to "a better cell" because the conditions in BD #403 have caused him mental anguish. ECF 1 at 3, 5. From the verified correctional records submitted by counsel for DPSCS, however, it appears that Murray has since been transferred not only to a different cell but to a different correctional institution. Thus, his claim for injunctive relief is now moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (stating that transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

In any event, Murray's claims that he suffered harm while housed in BD #403 are unsupported by the record. It is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison rather than another, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Sandin v. Conner*, 515

U.S. 472 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest).  Because Murray cannot prove that he is likely to succeed on the merits or that he is likely to suffer irreparable harm, a preliminary injunction is not necessary.

As Murray cannot satisfy the test set in *Winter*, his request for injunctive relief shall be denied.  Because the denial of Murray's request for injunctive relief resolves the only issue before the Court, and because Murray failed to pay the filing fee or file a motion for leave to proceed in forma pauperis, which is necessary for this case to proceed, the Complaint shall be dismissed, without prejudice, and the Clerk will be directed to close this case.

A separate Order follows.

Date:  April 29, 2022

/s/
Ellen L. Hollander
United States District Judge